Aziza D. Stewart
1026 Larch Street, #9
Inglewood, CA 90301
(323) 205-8204
**Defendant, In Pro Per**

FILED

2023 FEB -3 AM 11:37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ΩVE

— IFP Submitted

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER & DESATNIK MANAGEMENT CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> AZIZA D. STEWART; DOES 1 TO 10 INCLUSIVE, <br><br> Defendant. | Case No. 2:23-cv-00839-DMG-(MARx) <br><br><br> **NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that Defendant Aziza D. Stewart ("Defendant") hereby remove to this Court the above-captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On 11/09/2022, HOMECOMING IV AT THE PRESERVE, LLC ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of LOS ANGELES, MILLER & DESATNIK MANAGEMENT CO., INC. v AZIZA D. STEWART; DOES 1 TO 10 INCLUSIVE Case No. 22IWUD02208. Defendant's Answer to the complaint for unlawful detainer was based on a

1

defective Notice to Quit. A true and correct copy of the relevant pleadings, i.e., summons, complaint, Answer, etc are attached hereto as **Exhibit "A"**.

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

**II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.**

6. The complaint for Unlawful Detainer is subject to strict notice requirements.

7. Defendant filed his Demurrer to the complaint based on a defective notice, i.e., the Notice to Pay or Quit, failed to comply with The Protecting Tenants Moratorium Act [1179.10(b)].

8. Federal question exists because Defendant's Answer, a pleading that depends on the determination of Defendant's rights and Plaintiff's duties under federal law. Wherefore, Aziza D. Stewart respectfully remove this action from the California Superior Court for the Los Angeles, this Court pursuant to 28 United States Code Sections 1331 and 1441.

Respectfully submitted,

**Dated:** 02/02/2023

By: _____

Aziza D. Stewart
**Defendant, In Pro Per**

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/09/2022 02:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Venzant, Deputy Clerk
22IWUD02208

# SUMMONS
## (CITACIÓN JUDICIAL)
## UNLAWFUL DETAINER—EVICTION
## (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**SUM-130**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* AZIZA D. STEWART
DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MILLER & DESATNIK MANAGEMENT CO., INC.

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | AVISO! Usted ha sido demandado. Si no responde dentro de 5 dias, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citacion y papeles legales, solo tiene 5 DIAS, sin contar sbado y domingo y otros dias feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | Una carta o una lamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podra quitar su sueldo, dinero y bienes sin mas advertencia. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniendose en contacto con la corte o el colegio de abogados local. |
| FEE WAIVER: If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | EXENCION DE CUOTAS: Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. AVISO: Por fey, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 o mas recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso. |

1. The name and address of the court is: LOS ANGELES SUPERIOR COURT
   *(El nombre y dirección de la corte es):* ONE REGENT STREET
   INGLEWOOD CA 90301

   CASE NUMBER *(número del caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Joseph L. Cruz, Esq., Joseph L. Cruz, APC, 527 W. 7th Street, Suite 903, Los Angeles, CA 90014, (323) 692-0199, State Bar # 290139

SUM-130 [Rev. January 1, 2022]   SUMMONS—UNLAWFUL DETAINER—EVICTION   Page 1 of 2

SUM-130

| PLAINTIFF (Name): | MILLER & DESATNIK MANAGEMENT CO., INC. | CASE NUMBER: |
|---|---|---|
| DEFENDANT (Name): | AZIZA D. STEWART | |

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415)   ☒ did not   ☐ did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*
4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

Date: 11/09/2022
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by   S. Venzant   , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant.
   d. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation).      ☐ CCP 416.60 (minor).
             ☐ CCP 416.20 (defunct corporation). ☐ CCP 416.70 (conservatee).
             ☐ CCP 416.40 (association or partnership). ☐ CCP 416.90 (authorized person).
             ☐ CCP 415.46 (occupant).        ☐ other *(specify)*:
   e. ☐ by personal delivery on *(date)*:

SUM-130 [Rev. January 1, 2022]   **SUMMONS—UNLAWFUL DETAINER—EVICTION**   Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 11/09/2022 02:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Venzant,Deputy Clerk
22IWUD02208

Assigned for all purposes to: Inglewood Courthouse, Judicial Officer: David Reinert

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 290139 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Joseph L. Cruz, Esq.<br>FIRM NAME: Joseph L. Cruz, APC<br>STREET ADDRESS: 527 W. 7th Street, Suite 903<br>CITY: Los Angeles  STATE: CA  ZIP: 90014<br>TELEPHONE NO: (323) 692-0199  FAX: (323) 692-0197<br>EMAIL ADDRESS: joe@cruzapc.com<br>ATTORNEY FOR (name): PLAINTIFF | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: ONE REGENT STREET
MAILING ADDRESS: ONE REGENT STREET
CITY AND ZIP CODE: INGLEWOOD CA 90301
BRANCH NAME: INGLEWOOD

PLAINTIFF: MILLER & DESATNIK MANAGEMENT CO., INC.
DEFENDANT: AZIZA D. STEWART
☒ DOES 1 TO 10 inclusive

**COMPLAINT — UNLAWFUL DETAINER***
☒ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER:

**Jurisdiction** (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☒ does not exceed $10,000
    ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue)  ☐ from limited to unlimited
  ☐ from unlawful detainer to general limited civil (possession not in issue)   ☐ from unlimited to limited

1. PLAINTIFF (name each): MILLER & DESATNIK MANAGEMENT CO., INC.
   alleges causes of action against DEFENDANT (name each): AZIZA D. STEWART

2. a. Plaintiff is (1) ☐ an individual over the age of 18 years.    (4) ☐ a partnership.
      (2) ☐ a public agency.                                          (5) ☒ a corporation.
      (3) ☐ other (specify):
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of
      (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at
      (street address, apt. no., city, zip code, and county): 1026 LARCH ST., #9, INGLEWOOD, CA 90301, LOS ANGELES
      COUNTY
   b. The premises in 3a are (check one)
      (1) ☒ within the city limits of (name of city): INGLEWOOD, CA 90301
      (2) ☐ within the unincorporated area of (name of county):
   c. The premises in 3a were constructed in (approximate year): 1961

4. Plaintiff's interest in the premises is ☐ as owner ☒ other (specify): LANDLORD

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

UD-100 [Rev. September 1, 2020]    **COMPLAINT—UNLAWFUL DETAINER**    Page 1 of 4

| PLAINTIFF (Name): | MILLER & DESATNIK MANAGEMENT CO., INC. | CASE NUMBER: |
|---|---|---|
| DEFENDANT(Name): | AZIZA D. STEWART | |

6. a. On or about *(date)*: 05/01/2021
    defendant(s) *(name each)*: AZIZA D. STEWART

    agreed to rent the premises as ☐ month-to-month tenancy ☒ other tenancy *(specify)*: 1-YEAR TERM
    (1) agreed to pay rent of $1,695.00 payable ☒ monthly ☐ other *(specify frequency)*:
    (2) agree to pay rent on the ☒ first of the month ☐ other day *(specify)*:

   b. This ☒ written ☐ oral agreement was made with
      (1) ☒ plaintiff.                    (3) ☐ plaintiff's predecessor in interest.
      (2) ☐ plaintiff's agent.            (4) ☐ other *(specify)*:

   c. ☒ The defendants not named in item 6a are
      (1) ☐ subtenants.
      (2) ☐ assignees.
      (3) ☒ other *specify)*: Unauthorized subtenants

   d. ☐ The agreement was later changed as follow *(specify)*: .

   e. ☐ A copy of the written agreement, including any addenda or attachments that for the basis of this complaint, is attached and labeled as Exhibit 1 *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. ☒ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 7 *(complete (a) or (b))*
   a. ☐ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify)*:
   b. ☒ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
   a. ☒ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
      (1) ☐ waived the payment of rent for the final month of the tenancy, before rent came due, under section 1946.2(d)(2), in the amount of:
      (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling
          To *(name each defendant and amount given to each)*:
   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each)*: AZIZA D. STEWART
      was served the following notice on the same date and in the same manner:

      (1) ☒ 3-day notice to pay rent or quit      (5) ☐ 3-day notice to perform covenant or quit
      (2) ☐ 30-day notice to quit                      *(not applicable if item 7b checked)*
      (3) ☐ 60-day notice to quit                  (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
      (4) ☐ 3-day notice to quit                        Prior required notice to perform covenants served *(date)*:
                                                   (7) ☐ Other *(specify)*:


| UD-100 [Rev. September 1, 2020] | **COMPLAINT—UNLAWFUL DETAINER** | Page 2 of 4 |
|---|---|---|

| Case 2:23-cv-00839-DMG-MAR | Document 1 | Filed 02/03/23 | Page 8 of 11 | Page ID #:8 |
|---|---|---|---|---|

| PLAINTIFF (Name): | MILLER & DESATNIK MANAGEMENT CO., INC. | CASE NUMBER: |
|---|---|---|
| DEFENDANT (Name): | AZIZA D. STEWART | |

9. b. (1) On *(date)*: 6/13/2022 the period stated in the notice checked in 9a expired at the end of the day
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc.,*
    *§ 1166. When Civil Code, § 1946.2(c), applies, and two notices are required, provide copies of both).*
  f. ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a
    different notice, (3) on a different date, or (3) in a different manner, as stated in Attachment 10c. *(Check item 10c*
    and attach a statement providing the information required *by items 9a-e and 10 for each defendant and notice.)*

10. a. ☒ The notice in item 9a was served on the defendant named in item 9a as follows
    (1) ☐ by personally handing a copy to defendant on *(date):*
    (2) ☐ by leaving a copy with *(name or description)*:
      a person of suitable age and discretion, on *(date):* at defendant's
      ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on *(date)*:
      because defendant cannot be found at defendant's residence
      or usual place of business.
    (3) ☒ by posting a copy on the premises on *(date)*: 6/8/2022
      ☒ AND mailing a copy to defendant at the premises on *(date)*: 6/8/2022
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☒ because no person or suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail
      addressed to defendant on *(date):*
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written
      commercial lease between the parties
  b. ☐ *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
  d. ☐ Proof of service of the notice in item 9a is attached and labeled Exhibit 3.
11. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $1,695.00.
13. ☒ The fair rental value of the premises is $56.50 per day.
14. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil
    Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*
15. ☒ A written agreement between the parties provides for attorney fees.
16. ☒ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of*
    *ordinance, and date of passage):* INGLEWOOD RENT CONTROL (2019)

    Plaintiff has met all applicable requirements of the ordinance.
17. ☐ Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF (Name): | MILLER & DESATNIK MANAGEMENT CO., INC. | CASE NUMBER: |
|---|---|---|
| DEFENDANT(Name): | AZIZA D. STEWART | |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. ☒ past-due rent of $1,695.00
d. ☒ reasonable attorney fees.
e. ☒ forfeiture of the agreement.
f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. ☒ damages at the rate stated in item 13 from 7/1/2022 for each day that defendants remain in possession through entry of judgment
h. ☐ statutory damages up to $600.00 for the conduct alleged in item 14.
i. ☒ other (specify): As the court deems proper.

20. ☐ Number of pages attached (specify):

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)**

21. ☐ (Complete in all cases.) An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. (If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete a-f:)

a. Assistance's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no:
f. Expires on

Date: 10/6/2022

Joseph L. Cruz, Esq.
(TYPE OR PRINT NAME)

▶ J L cruz
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true an correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Aziza D. Stewart<br>FIRM NAME:<br>STREET ADDRESS: 1026 Larch Street, #9<br>CITY: Inglewood   STATE: CA   ZIP CODE: 90301<br>TELEPHONE NO: (323) 205-8204   FAX NO:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): IN PRO PER | | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 22 2022<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Yvette Sanders, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: One Regent Street<br>MAILING ADDRESS: same<br>CITY AND ZIP CODE: Inglewood, CA 90301<br>BRANCH NAME: Inglewood Courthouse | | |
| PLAINTIFF: MILLER & DESATNIK MANAGEMENT CO., INC.<br>DEFENDANT: AZIZA D. STEWART | | |
| **ANSWER—UNLAWFUL DETAINER** | | CASE NUMBER:<br>22IWUD02208 |

1. Defendant *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs)*:
   AZIZA D. STEWART

   answers the complaint as follows:

2. **DENIALS** *(Check ONLY ONE of the next two boxes.)*

   a. [ ] **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
      Defendant generally denies each statement of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101).

   b. [x] **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
      Defendant admits that all of the statements of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true EXCEPT:

      (1) **Denial of Allegations in Complaint** (Form UD-100 or Other Complaint for Unlawful Detainer)
         (a) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
            [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(a).
            Paragraphs 7 thru 21

         (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
            [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(b).

      (2) **Denial of Allegations in *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101)**
         (a) [x] Defendant did not receive plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101). *(If not checked, complete (b) and (c), as appropriate.)*
         (b) [ ] Defendant claims the statements in the **Verification required for issuance of summons—residential**, item 3 of plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101), are false.
         (c) Defendant claims the following statements on the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are false *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025)*: [ ] Explanation is on form MC-025, titled as Attachment 2b(2)(c).

Page 1 of 5<br>
Form Approved for Optional Use<br>
Judicial Council of California<br>
UD-105 [Rev. April 14, 2022]<br>
**ANSWER—UNLAWFUL DETAINER**<br>
Civil Code, § 1940 et seq.,<br>
Code of Civil Procedure, §§ 425.12,<br>
1161 et seq., 1179.01 et seq.<br>
www.courts.ca.gov